**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **JENNIFER CANASKI, BRITTANY PIAZZA, AND PAMELA NECAISE** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 1:15-cv-344-HSO-JCG** |
| **MID MISSISSIPPI PROPERTIES, INC., JOE LACEY, AND DERRICK SCOGGINS** | **DEFENDANTS** |

**<u>DEFENDANTS MID MISSISSIPPI PROPERTIES, INC., JOE LACEY, AND DERRICK SCOGGINS'S CONSOLIDATED MOTION *IN LIMINE*</u>**

COME NOW, Defendants Mid Mississippi Properties, Inc. ("Mid Mississippi"), Joe Lacey ("Lacey"), and Derrick Scoggins ("Scoggins") (collectively referred to herein as "Defendants") and file this, their Consolidated Motion *in Limine*, and request that this Court enter a pretrial ruling excluding certain evidence from mention during the trial in this matter, as follows:

1. **EXCLUSION OF EVIDENCE OF SETTLEMENT OFFERS OR STATEMENTS MADE IN SETTLEMENT NEGOTIATIONS**

Any reference to settlement offers, negotiations, or statements made in settlement negotiations should be excluded pursuant to FED. R. EVID. 408. This would include any offers for settlement or negotiations made within the Plaintiffs' respective Equal Employment Opportunity Commission ("EEOC") claims prior to filing suit herein.

WHEREFORE, PREMISES CONSIDERED, the Defendants would move the Court for an order instructing the Plaintiffs, their attorneys, and witnesses not to mention, refer to, interrogate concerning, or attempt to convey in any manner, either directly or indirectly, any of the above mentioned matters regarding settlement offers, negotiations, or statements made in settlement negotiations in voir dire or at trial.

2. **EXCLUSION OF EVIDENCE REGARDING ALLEGED EMOTIONAL DISTRESS AND RELATED NON-ECONOMIC DAMAGES CLAIMS**

Plaintiffs' Complaint alleges that "[t]he acts and omission[s] of all Defendants have caused emotional distress, anxiety, [and] loss of enjoyment of life[.]" [ECF Doc. 01, ¶ 56]. Evidence of these alleged damages should be excluded at trial, as Plaintiffs have failed to cite to any specific evidence that would entitle them to such an award.

In Mid Mississippi's Interrogatory No. 10 propounded to each Plaintiff, Mid Mississippi sought an itemization of each and every damage allegedly suffered (*see* Interrogatories attached hereto as collective Exhibit "1"). In their Interrogatory responses, Plaintiffs did not itemize any dollar value for emotional distress, and their explanations for the alleged damages were redundant to those conclusory statements made in the Complaint. (*See id.*)

Moreover, in Interrogatory No. 12, Mid Mississippi sought any and all treatment received for alleged emotional distress and mental anguish, including names and addresses of medical providers or persons providing treatment. (*See* Interrogatories attached hereto as collective Exhibit "1"). Plaintiffs' responses indicated that none of the Plaintiffs received any treatment of any kind for their alleged emotional harm, nor did they list the names of any doctor or medical provider that they saw for their alleged emotional pain and suffering, mental anguish, and loss of enjoyment of life. (*Id.*)

Vague and conclusory statements are insufficient to establish emotional distress damages. *Brady v. Fort Bend Cty.*, 145 F.3d 691, 720 (5th Cir. 1998). Moreover, absent physical manifestation, a plaintiff is not entitled to any more than nominal damages. *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 376 (5th Cir. 2000).

Should Plaintiffs offer testimony in these regards at trial, it would be highly improper and prejudicial to Defendants pursuant to Fed. R. Evid. 403. It would also violate the core disclosure and discovery provisions of the Federal Rule of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, the Defendants would move the Court for an order instructing the Plaintiffs, their attorneys, and witnesses not to mention, refer to, interrogate concerning, or attempt to convey in any manner, either directly or indirectly, any of the above mentioned matters relating to alleged emotional distress and other non-economic damages claims in voir dire or at trial.

### 3. EXCLUSION OF EVIDENCE OF ECONOMIC/PECUNIARY DAMAGES NOT DISCLOSED IN DISCOVERY

In Mid Mississippi's Interrogatory No. 10 propounded to each Plaintiff, Mid Mississippi sought an itemization of each and every damage allegedly suffered (*see* Interrogatories attached hereto as collective Exhibit "1"). In their Interrogatory responses, none of the Plaintiffs stated a specific total amount of damages claimed. In their depositions, the Plaintiffs were each asked if they would add anything to supplement their Interrogatory responses in these regards. (*See* Deposition Excerpts attached hereto as collective Exhibit "2"). None of the Plaintiffs added any information to state with any further specificity their damages claimed. (*Id.*) Plaintiffs' Initial Disclosures provide no further information in these regards. (*See* Disclosures attached hereto as Exhibit "3").

Rule 26 of the Federal Rules of Civil Procedure imposes an obligation on parties to disclose facts and information relevant to a party's claims and the amount in controversy. Claimed wages, salary, and fringe benefits are integral components of a Title VII employment discrimination case. *See, e.g., United States v. Georgia Power Co.*, 474 F.2d 906, 921 (5th Cir. 1973).

3

It would be highly prejudicial to Defendants to be presented with evidence of wages or other claimed economic damages that were not disclosed in Plaintiffs' Initial Disclosures, Interrogatories, or depositions, wherein Plaintiffs were given ample opportunity to outline the amounts of damages claimed against these Defendants herein.

WHEREFORE, PREMISES CONSIDERED, the Defendants would move the Court for an order instructing the Plaintiffs, their attorneys, and witnesses not to mention, refer to, interrogate concerning, or attempt to convey in any manner, either directly or indirectly, any of the above mentioned matters relating to alleged economic/pecuniary damages claims not disclosed in discovery in voir dire or at trial.

### 4. EXCLUSION OF DOCUMENTARY EVIDENCE NOT PRODUCED IN DISCOVERY IN RESPONSE TO DISCOVERY REQUESTS

Defendants object, generally, to the attempted introduction of any documentary evidence at the trial of this cause who or which was not previously disclosed and/or produced in response to discovery requests during the course of discovery in this matter.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties have a duty to provide the names of individuals likely to have discoverable information that he may rely upon in support of his claim, as well as any documentation upon which they intend to rely to the Defendants during the discovery process.

Thus, Plaintiffs should be precluded from offering into evidence any document that was not produced during discovery in response to discovery requests propounded by any of these Defendants.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully move this Court to enter an order granting the foregoing Motion In Limine, specifically ordering Plaintiffs, and all witnesses to refrain from mentioning, offering, or attempting to offer into evidence any

4

document regarding the matter(s) outlined herein, or from otherwise referring to while rooting to the same, either directly or indirectly, during the voir dire or any other portion of the trial of this case in the presence of a jury panel and a jury selected herein.

### 5. EXCLUSION OF EVIDENCE OF PUNITIVE DAMAGES

In their Complaint, Plaintiffs demand punitive damages against these Defendants herein [ECF Doc. 01].

The standard for obtaining punitive damages in a Title VII case is extraordinarily high. "A Title VII plaintiff may recover punitive damages upon proof that the defendant acted 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 467 (5th Cir. 2013) (citing to 42 U.S.C. § 1981a(b)(1)). "This is a **higher standard** than the showing necessary for compensatory damages, satisfied in 'only a subset of cases involving intentional discrimination.'" *Id.* (citing to *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534, 119 S. Ct. 2118, 2124 (1999)) (emphasis added). Thus, a plaintiff faces "a '**formidable burden**' in seeking punitive damages for employment discrimination." *Id.* (citing to *Canny v. Dr. Pepper/Seven-Up Bottling Grp., Inc.*, 439 F.3d 894, 903 (8th Cir. 2006)) (emphasis added).

Until such time as the Plaintiffs overcome the initial burden of proof, the issue of punitive damages, and the evidence relating thereto, should not be expressed to the jury.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully move this Court to enter an order granting the foregoing Motion In Limine, specifically ordering Plaintiff, and all witnesses to refrain from mentioning, offering, or attempting to offer into evidence any testimony or document regarding the matter(s) outlined herein, or from otherwise referring to

while rooting to the same, either directly or indirectly, during the voir dire or any other portion of the trial of this case in the presence of a jury panel and a jury selected herein

RESPECTFULLY SUBMITTED, this the 5th day of January, 2017.

>MID MISSISSIPPI PROPERTIES, INC.,
>JOE LACEY, and DERRICK SCOGGINS
>
>By: /s/ John P. Martin
>    John P. Martin, one of their attorneys

OF COUNSEL:

Don A. McGraw, Jr., MSB No. 2621
John P. Martin, MSB No. 103898
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
601-859-3616
dmcgraw@montgomerymcgraw.com
jmartin@montgomerymcgraw.com

## CERTIFICATE OF SERVICE

    I, John P. Martin, of Montgomery McGraw, PLLC, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing **DEFENDANTS MID MISSISSIPPI PROPERTIES, INC., JOE LACEY, AND DERRICK SCOGGINS'S CONSOLIDATED MOTION *IN LIMINE*** with the Clerk of this Court using the ECF system, which sent notification to all parties registered to receive service in this case electronically.

    SO CERTIFIED, this the 5th day of January, 2017.

>/s/ John P. Martin
>John P. Martin