IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENNIFER CANASKI; BRITTANY
PIAZZA; and PAMELA NECAISE                                      PLAINTIFFS

VERSUS                                CIVIL ACTION NO.:1:15cv-344-HSO-JCG

MID MISSISSIPPI PROPERTIES, INC;
JOE LACEY; and DERRICK SCOGGINS                                 DEFENDANTS

JURY TRIAL DEMANDED

## RESPONSE TO DEFENDANTS' CONSOLIDATED MOTION *IN LIMINE*

COMES NOW, Plaintiffs, by and through undersigned Counsel, and makes this, their Response to Defendants' Consolidated Motion *in Limine* and would show unto the Court the following, to wit:

1. **Exclusion of Evidence of Settlement Offers or Statements Made in Settlement Negotiations**

Plaintiffs agree that neither side should be allowed to discuss any prior settlement discussions.

2. **Exclusion of Evidence of Evidence Regarding Alleged Emotional Distress and Related Non-Economic Damages Claims**

Defendants ask this Court to exclude evidence of non-economic damages because Plaintiffs did not provide a dollar figure. Defendants argument lacks merit because such damages are unliquidated and are to be made in the jury's discretion. Further, Defendants never sought to compel any such itemization of emotional distress damages. Defendants also cite no case law or rule in support of their argument.

Defendants also ask this Court to disallow Plaintiffs from introducing evidence of emotional distress because they did not seek medical care for their emotional distress. In *Adams v. U.S. Homecrafters, Inc* the Mississippi Supreme Court held that physical manifestation was not required for a claim of emotional distress, holding:

> we take this opportunity to clarify that we have moved away from the requirement of proving some physical injury in addition to the proof of reasonable foreseeability. Our language in the previously cited cases, adopting the term "demonstrable harm" in place of "physical injury," indicates that the proof may solely consist of evidence of a mental injury without physical manifestation.

744 So.2d 736, 744 (Miss. 1999). Defendants' citation to *Vadie v. Mississippi State Univ*. in support of their argument is misplaced, wherein the Court specifically held that the Plaintiff was entitled to damages for emotional distress, but found the amount awarded too excessive and against the weight of the evidence.218 F.3d 365, 376-378 (5th Cir. 2000). The Court did not hold, as argued by the Defendants, that physical manifestation is required for emotional distress damages.

Because medical treatment is not required, nor is physical manifestation a requirement for the recovery of damages for emotional distress, Defendants' Motion *in limine* must be denied. Whether to allow damages for non-economic damages will be a question for the jury to decide.

**3. Exclusion of Evidence of Economic/Pecuniary Damages Not Disclosed in Discovery**

Plaintiffs agree that no evidence, except for impeachment evidence, which was not disclosed in discovery should be allowed into evidence during trial.

4. **Exclusion of Documentary Evidence Not Produced in Discovery in Response in Discovery Requests**

Plaintiffs agree that no evidence, except for impeachment evidence, which was not disclosed in discovery should be allowed into evidence during trial.

5. **Exclusion of Evidence of Punitive Damages**

Defendant has not delineated in any way what they consider to be evidence of punitive damages. Much of the evidence relating to liability may also be related to punitive damages, and for that reason Defendants' motion must be denied. In addition, the Court should not venture to guess what evidence Defendant references, and therefore, Defendants' motion must be denied.

Respectfully submitted this the 11th day of January, 2017.

                        Respectfully submitted,

                        **JENNIFER CANASKI;**
                        **BRITTANY PIAZZA;**
                        **PAMELA NECAISE,**
                        **PLAINTIFFS**

                        ___/s/ Daniel M. Waide_____
                        DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
F: (601) 582-4556
dwaide@jhrlaw.net

Herbert H. Klein, III
Bar No. 4198
1507 Hardy Street Suite 101
P. O. Box 1914
Hattiesburg, MS  39403
Phone:  601-544-4900

Facsimile:  601-544-4901
hhklein@megagate.com

## CERTIFICATE OF SERVICE

    I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    THIS the 11th day of January , 2017.

                                                        /s/Daniel M. Waide
                                                       DANIEL M WAIDE

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net