IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JENNIFER CANASKI, BRITTANY PIAZZA,
AND PAMELA NECAISE                                                               PLAINTIFFS

v.                                                            CIVIL NO.: 1:15CV344-HSO-JCG

MID MISSISSIPPI PROPERTIES, INC.,
JOE LACEY, AND DERRICK SCOGGINS                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT JOE LACEY AND DERRICK SCOGGINS' MOTION FOR SUMMARY JUDGMENT [51]

BEFORE THE COURT is Defendants Joe Lacey and Derrick Scoggins' Motion for Summary Judgment [51]. Plaintiffs elected not to file a formal response to Defendants' Motion. Response [54]. For the reasons that follow, the Court finds that Defendants' Motion should granted.

### I. BACKGROUND

On or about February 6, 2014, Defendant Mid Mississippi Properties, Inc. ("Mid Mississippi") completed its purchase of the Red Zone, a restaurant located in Diamondhead, Mississippi. Compl. [1] at 2-3. On the night of February 6, 2014, Defendants Joe Lacey ("Lacey") and Derrick Scoggins ("Scoggins"), the owners of Mid Mississippi, threw a party for their employees to celebrate the purchase. *Id.* at 3. At that time, Plaintiffs Jennifer Canaski ("Canaski"), Brittany Piazza ("Piazza"), and Pamela Necaise ("Necaise") (collectively "Plaintiffs) were employees of the Red Zone. *Id.* at 3-7.

On October 16, 2015, Plaintiffs filed their Complaint [1] against Defendants Mid Mississippi, Lacey, and Scoggins asserting claims of "sexual harassment and discrimination" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and "state law claims." Compl. [1] at 1.

Lacey and Scoggins ("Defendants") filed their Motion for Summary Judgment [51] on August 15, 2016. Defendants contend that they are entitled to summary judgment in that Plaintiffs have abandoned their Title VII and negligence claims against them, and that Plaintiffs' claims for intentional torts are barred by the one-year statute of limitations found at Mississippi Code § 15-1-35. Mot. Summ. J. [51] at 1-2. In their Response, Plaintiffs simply state that they have elected not to respond to the Motion. Resp. [54] at 1.

## II. DISCUSSION

A.  Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Before it can determine that there is no genuine issue for

trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted).  An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.  <u>Plaintiffs have not stated a claim against either Lacey or Scoggins that can survive summary judgment.</u>

Plaintiffs' Title VII claims against Lacey and Scoggins should be dismissed because "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under [T]itle VII."

3

*Johnson v. TCB Construction Co., Inc.*, 334 F. App'x 666, 669 (5th Cir. 2009) (citing *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir. 1994)). "Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity." *McNeil v. Quality Logistics Systems, Inc.*, Cause No. 3:15cv927-CWR-FKB, 2016 WL 6999483, *3 (S.D. Miss. Nov. 30, 2016) (citations and quotations omitted); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("outside of an action against an officer personally, plaintiff does not have an action against both the corporation and its officer in an official capacity"). It appears from the record that Plaintiffs have abandoned their claims against Lacey and Scoggins individually. Resp. in Opp'n [15][1] at 1 ("Plaintiffs are not seeking to hold the Defendants directly responsible under Title VII.").

Plaintiffs' state law negligence claims should be dismissed because they are barred by "the exclusivity provision of the Mississippi Workers' Compensation Act" ("MWCA") found at Mississippi Code Annotated § 71-3-9. *McNeil*, 2016 WL 6999483 at *4 (citations omitted); *see Bowden v. Young,* 120 So. 3d 971, 976-78 (Miss. 2013). "Construing Mississippi state law, our federal courts have been universal on this point." *McNeil*, 2016 WL 6999483 at *4 (citations omitted). Plaintiffs also appear to have abandoned their negligence claims. Resp. in Opp'n

---

[1] Plaintiffs' Response in Opposition [15] was filed in response to Defendants' previous Rule 12(b)(6) Motion to Dismiss [7].

[15] at 3 (for a claim to fall outside the MWCA, a plaintiff must assert "the actions of the employer went beyond negligence, gross negligence, or recklessness").

  Finally, Plaintiffs' claims for intentional torts and defamation should be dismissed because they are barred by the applicable one-year statute of limitations, Mississippi Code Annotated § 15-1-35. *McNeil*, 2016 WL 6999483 at \*4 (citing *Lynch v. Liberty Mutual Ins. Co.*, 909 So. 2d 1289, 1292 (Miss. Ct. App. 2005)). Plaintiffs filed suit on October 16, 2015, more than one year after any alleged intentional conduct. *See* Canaski Dep. [51-1] at 18-20 (March 12, 2014); Piazza Dep. [51-2] at 26-28 (May 2014); Necaise Dep. [51-3] at 18-19, 22-24 (sometime after March 18, 2014, "probably like September" 2014). Also, Plaintiffs did not respond to Defendants' Motion for Summary Judgment, did not provide any summary judgment evidence that any intentional tort or defamation occurred within one year prior to filing the Complaint, and appear to have abandoned their intentional tort and defamation claims.

  Having considered the parties' submissions, the record, and all relevant legal authority, the Court is of the opinion that Defendants Lacey and Scoggins are entitled to judgment as a matter of law as to Plaintiffs' claims against them.

### III. <u>CONCLUSION</u>

  To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. The

Court will grant Defendants' Motion for Summary Judgment [51], and Plaintiffs' claims against Defendants Lacey and Scoggins will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Joe Lacey and Derrick Scoggins' Motion for Summary Judgment [51] is **GRANTED** and Plaintiffs Jennifer Canaski, Brittany Piazza, and Pamela Necaise's claims against Defendants Lacey and Scoggins are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 17th day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE