SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB 15 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER CANASKI, BRITTANY PIAZZA, AND PAMELA NECAISE | **PLAINTIFFS** |
| v. | CIVIL NO.: 1:15CV344-HSO-JCG |
| MID MISSISSIPPI PROPERTIES, INC. | **DEFENDANT** |

### SPECIAL VERDICT FORM - JENNIFER CANASKI

### PART I

**Please answer all Questions by a preponderance of the evidence.**

### A.    PLAINTIFF CANASKI'S SEXUAL HARASSMENT CLAIM

1.    Has Plaintiff Jennifer Canaski proved by a preponderance of the evidence that she suffered a tangible employment action, as that term is defined in Instruction No. 13?

Answer Yes or No: ____Yes____

*If your answer to Question No. 1 is "Yes," please proceed to Question No. 2. If your answer to Question No. 1 is "No," please proceed to Question No. 3.*

2.    Was Defendant Mid Mississippi's tangible employment action against Plaintiff Jennifer Canaski motivated by her rejection of either Chris Hall's or Derrick Scoggins' sexual advances, requests, or demands?

Answer Yes or No: ____Yes____; if "Yes," please indicate which individual below by marking the appropriate line:

Chris Hall          ____✓____ or
Derrick Scoggins  _____ or
Both individuals  _____

1

*If your answer to Question No. 2 is "No," please proceed to Question No. 3. If your answer to Question No. 2 is "Yes," skip Questions No. 3-6 and proceed to Question No. 7.*

3.   Has Plaintiff Jennifer Canaski proved by a preponderance of the evidence that she was sexually harassed by her supervisor Derrick Scoggins?

Answer Yes or No: _____

*Please proceed to Question No. 4.*

4.   Has Plaintiff Jennifer Canaski proved by a preponderance of the evidence that she was sexually harassed by her supervisor Chris Hall?

Answer Yes or No: _____

*If your answer to Question No. 4 is "Yes," please proceed to Question No. 5. If your answer to Question No. 4 is "No," please skip Question No. 5 and Question No. 6 and proceed to Question No. 7.*

5.   Has Defendant Mid Mississippi proved by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the harassing behavior with respect to Chris Hall?

Answer Yes or No: _____

*If your answer to Question No. 5 is "Yes," please proceed to Question No. 6. If your answer to Question No. 5 is "No," please skip Question No. 6 and proceed to Question No. 7.*

6.   Has Defendant Mid Mississippi proved by a preponderance of the evidence that Plaintiff Jennifer Canaski unreasonably failed to take advantage of or use any preventive or corrective opportunities provided by Defendant Mid Mississippi or to avoid harm otherwise?

Answer Yes or No: _____

*Please proceed to Part B, Question No. 7.*

**B.    PLAINTIFF CANASKI'S RETALIATION CLAIM**

7.    Has Plaintiff Jennifer Canaski proved by a preponderance of the evidence that she suffered an adverse employment action, as that term is defined in Instruction No. 16?

Answer Yes or No: _____Yes_____

*If your answer to Question No. 7 is "Yes," please proceed to Question No. 8. If your answer to Question No. 7 is "No," please proceed to Question No. 10.*

8.    Do you find by a preponderance of the evidence that Plaintiff Jennifer Canaski engaged in protected activity, as that term is defined in Instruction No. 16, by complaining about sexual harassment?

Answer Yes or No: _____No_____

*If your answer to Question No. 8 is "Yes," please proceed to Question No. 9. If your answer to Question No. 8 is "No," please proceed to Question No. 10.*

9.    Has Plaintiff Jennifer Canaski proved by a preponderance of the evidence that she would not have suffered an adverse employment action but for her complaints of sexual harassment?

Answer Yes or No: _____

*Please proceed to Question No. 10.*

10.    ***Only answer this Question if your answer was "Yes" to Question No. 2, Question No. 3, Question No. 4, or Question No. 9 above. However, if your answer to Question No. 4 was "Yes," but you also answered "Yes" to both Question No. 5 and Question No. 6, please disregard your "Yes" answer to Question No. 4 for purposes of this question only.***

   *If you did not answer "Yes" to Question No. 2, Question No. 3, Question No. 4, or Question No. 9, please proceed to Part II.*

3

What sum of money, if paid now in cash, do you find by a preponderance of the evidence would fairly and reasonably compensate Plaintiff Jennifer Canaski for the damages, if any, you have found Defendant Mid Mississippi caused Plaintiff Jennifer Canaski?

Answer in dollars and cents for the following items and none other:

(1)    Past emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____ 3,600 _____

(2)    Future emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ _____ 0 _____

(3)    The amount of back pay and benefits Plaintiff Canaski would have earned in her employment with Defendant Mid Mississippi if she had not been terminated from the date of discharge to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Canaski received from employment during that time.

$ _____ 6,400 _____

*Please proceed to the next question.*

11.    Do you find by a preponderance of the evidence that Plaintiff Jennifer Canaski should be awarded punitive damages, as such damages are defined in Instruction No. 18?

Answer Yes or No: _____ NO _____

*If your answer is "No," please proceed to Part II. If your answer is "Yes," please proceed to the next question.*

4

12.    What sum of money do you find by a preponderance of the evidence
should be assessed against Defendant Mid Mississippi as punitive
damages, as such damages are defined in Instruction No. 18, based
upon its conduct with respect to Ms. Canaski?


Answer in dollars and cents:

$ _____

*Please proceed to Part II.*

# PART II

## FINALIZATION OF THE VERDICT FORM

*Please date and sign below:*



FEB. 15, 2017
Dated

Foreperson

Juror

Juror

Juror

Juror

Juror

Juror